J-S35024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SALIM D. FORD | |
| Appellant | No. 1632 EDA 2018 |

Appeal from the PCRA Order entered May 14, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0500101-2005

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:            **FILED SEPTEMBER 19, 2019**

Appellant, Salim D. Ford, appeals from the May 14, 2018 order of the Court of Common Pleas of Philadelphia County, which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background can be summarized as follows. On March 31, 2006, following a jury trial, Appellant was convicted of, *inter alia*, first degree murder, in connection with a shooting during which Appellant shot and killed John Hopkins while Hopkins was sitting inside his car parked on the 4800 block of Paschall Avenue in Philadelphia.  Two witnesses (Ronald Clay and Charles Young) identified Appellant as the killer, and two witnesses

_____

* Retired Senior Judge assigned to the Superior Court.

(Young and Elizabeth Upchurch) testified seeing two or three individuals approach the victim's vehicle after the shooting and rummage through it.

On May 31, 2006, the trial court sentenced Appellant to life imprisonment on the first-degree murder conviction. We affirmed the judgment of sentence on March 23, 2007. The Pennsylvania Supreme Court denied his petition for allowance of appeal on August 2, 2007. **See** **Commonwealth v. Ford**, No. 1586 EDA 2006, unpublished memorandum (Pa. Super. filed March 23, 2007) (affirming Appellant's judgment of sentence); **Commonwealth v. Ford**, No. 1602 EDA 2009, unpublished memorandum (Pa. Super. filed February 11, 2011) (affirming dismissal of Appellant's first PCRA petition).

Appellant filed the instant PCRA petition, his third, on March 2, 2015. After appointing counsel and holding a hearing, the PCRA court denied relief on May 14, 2018. This appeal followed.[1]

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record

---

[1] Based on Appellant's allegations, the PCRA court found the instant petition timely under the newly-discovered fact exception. **See** Pa.C.S.A. § 9545(b)(1)(ii). In a footnote in its appellate brief, the Commonwealth argued that Appellant failed to show he exercised due diligence in bringing the instant petition in a timely fashion. At the hearing, however, the Commonwealth questioned only whether Appellant filed the instant petition within 60 days of the day he learned about the new fact. Indeed, the Commonwealth, at the hearing, "presume[d] for purposes of this argument that [Appellant] was informed [within] 60 days from his cellmate, although it is very questionable." N.T. Hearing, 5/14/18, at 54. In light of the foregoing, we find the PCRA court's conclusions regarding timeliness of the instant petition are free of legal error.

and free of legal error." ***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id***. at 305 (citations omitted).

Appellant argues that the PCRA court abused its discretion in not believing him or his witness as they recalled the facts of the underlying crimes. According to Appellant, the PCRA court's assessment of the witness's testimony as "contrived" and not believable is unsupported by the record. Similarly, Appellant argues that the PCRA court abused its discretion in not finding Appellant believable. We disagree.

The witness, Michael Garmon, in his affidavit and testimony before the PCRA court, averred that Appellant did not kill the victim and that a man named Waddell Ward shot and killed the victim by firing four to five shots into the passenger side of the victim's car. N.T. PCRA Hearing, 5/14/18, at 9.

Mr. Garmon's "version of the incident did not jibe with the evidence recovered following the shooting." PCRA Court Opinion, 8/2/18, at 6. Appellant acknowledges at least one discrepancy between the facts as determined at trial and Mr. Garmon's recollection of the facts. Appellant's Brief at 8. According to Appellant, the only discrepancy pertains to "what happened immediately following the shooting." ***Id.*** He provides no further explanation.

The Commonwealth, at the time of the hearing, pinpointed the discrepancy exactly. Mr. Garmon claimed to have lingered for a few minutes

after the shooting but did not see anyone going to the car after the shooting, contrary to the accounts of two other witnesses. *Id.* at 27-28.

Other credibility issues also were apparent. For example, Mr. Garmon could not explain why he was able to provide the first and last name of the alleged killer in his affidavit, despite the fact he knew only the first name (or nickname) of the killer. *Id.* at 19. Upon questioning, the witness admitted that the affidavit had been authored by someone else at the prison, and that Appellant provided Mr. Garmon the alleged killer's full name. *Id.*

Next, the witness testified that he did not tell the police for years what he saw because he was afraid of Waddell Ward. *Id.* at 9-10, 25. Yet, without inquiring into the whereabouts of the killer, Mr. Garmon suddenly was no longer in fear of the killer, *id.* at 26, 30, and freely described what he allegedly saw at the crime scene. Mr. Garmon explained that he was no longer in fear of the alleged killer because he was now older and able to protect himself, *id.* at 30, and he decided to come forward because "it [was] the right thing to do." *Id.*

The PCRA court did not believe that Appellant and the witness did not discuss their cases for several months after they became cell mates. PCRA Court Opinion, 8/2/18, at 7. Similarly, the PCRA Court did not believe that the witness learned of Appellant's conviction in the underlying case only after he became Appellant's cellmate. *Id.* The PCRA court found the above testimony not believable considering that "the men knew one another prior to their respective incarcerations, were from the same neighborhood, and sold

drugs together, and thus, likely would have discussed the cases and the evidence that led to their convictions." PCRA Court Opinion, 8/2/18 at 7.

At the end of the hearing on Appellant's petition, the PCRA court stated:

> The neighborhood, the fact that [Appellant] knows the people in the neighborhood, the fact they're from the same neighborhood, the fact that he didn't know Waddell's last name, the fact that two witnesses in very short order were called and gave full statement – and if someone is in cell with someone who's – and as counsel has indicated, he was fighting hard for his[*sic*].
>
> It's very tough to believe that he didn't discuss the case with his cellmate and get the information without his cellmate. And then years – he just happened to be with that cellmate after a period of time in custody and he has him draft the affidavit.
>
> When I asked about where Woo [Waddell Ward] was, he said that Woo was dead.
>
> And then he said, Well, I think I heard about it on such-and-such date.
>
> Woo is dead. The affidavit is filed. I don't think it's credible.

N.T. PCRA hearing, 5/14/18, at 54-55. In light of the foregoing, we conclude the PCRA's court credibility determinations are supported by the record. Accordingly, the PCRA court did not err in denying Appellant relief on his third PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/19